UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Lenard Gorham, | ) C/A No.  0:08-2033-HFF-BM | |
| Plaintiff, | ) | |
| vs. | ) | |
| Department of Probation, Parole and Pardon Services, | ) **Report and Recommendation** | |
| Defendant. | ) | |

Plaintiff, Michael Lenard Gorham, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate at the Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names the Department of Probation, Parole and Pardon Services (DPPPS) as the sole Defendant.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction.  *See Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S. 97 (1976);  *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*;  Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  Even



when considered under this less stringent standard, however, the undersigned finds that the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges that he spent "thirteen months and 21 days" in local detention centers prior to sentencing on unspecified charges. Plaintiff alleges the Defendant failed to give him credit for the time he served in county jails, and seeks one hundred thousand (100,000) dollars in damages. In addition to monetary damages, Plaintiff also asks the Court to give this "time back".

Plaintiff's claim is subject to summary dismissal on several grounds. First, to the extent Plaintiff seeks immediate or speedier release from confinement, he cannot obtain such relief under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). State prisoners challenging their confinement should instead proceed under 28 U.S.C. §§ 2241 or 2254; however, such relief can be sought in this Court only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973)(the exhaustion requirement "applies to all habeas corpus actions"). There is no indication that Plaintiff, even if he had filed this action under § 2241 or § 2254, has exhausted his state court remedies with respect to this claim.

Further, to the extent Plaintiff seeks monetary damages under § 1983, the only named

2



defendant (DPPPS) enjoys Eleventh Amendment immunity from suit.[1]  Under the Eleventh Amendment, a federal court is forbidden from rendering a judgment against an unconsenting state in favor of a citizen of that state; *Edelman v. Jordan*, 415 U. S. 651, 663 (1974); and agencies of the state (such as DPPPS) share this immunity as alter egos of the state. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).  Therefore, since Congress has not withdrawn Eleventh Amendment immunity with respect to suits against states or their agencies under § 1983, Plaintiff's claims against the agency defendant should be dismissed.

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31;  *Neitzke v. Williams*, 490 U.S. at  324-25; *Todd v. Baskerville* 712 F.2d at 74.

---

[1] The Eleventh Amendment provides:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."



Plaintiff's attention is directed to the important notice on the next page.

June 10 , 2008  
Columbia, South Carolina

Bristow Marchant  
United States Magistrate Judge

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

